[Cite as *State v. Baskin*, 2016-Ohio-7346.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 1-16-20

      v.

DEANDRE T. BASKIN,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 1-16-21

      v.

DEANDRE T. BASKIN,               O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR20160074 and CR20150467**

**Judgments Affirmed**

**Date of Decision:   October 17, 2016**

APPEARANCES:

    *Thomas J. Lucente, Jr.* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-Appellant, Deandre T. Baskin, appeals the judgment entries of sentencing issued by the Allen County Court of Common Pleas journalizing the imposition of two twelve-month prison terms upon Baskin for two separate convictions for violating a protection order, in violation of R.C. 2919.27(A)(1), (B)(3), both felonies of the fifth degree. The trial court ordered the prison terms to run consecutive for a total stated term of twenty-four months. On appeal, Baskin claims the trial court failed to properly consider the relevant statutory factors when determining the appropriate term of prison to impose upon him.

*Case Number CR20150467*

{¶2} On January 14, 2016, the Allen County Grand Jury indicted Baskin on one count of violating a protection order. The indictment stated that Baskin on December 1, 2015, "did recklessly violate the terms of a protection order issued pursuant to section 2919.26 or 3113.31." The indictment further specified that Baskin had previously been convicted of violating a protection order in May of 2014. The State filed a Bill of Particulars indicating that the protection order implicated in this case was issued on November 20, 2015.

{¶3} Baskin was arraigned, pleaded not guilty to the charge and was subsequently released on bond. As a condition of his bond, Baskin was ordered to have no contact with the victim.

{¶4} On February 29, 2016, pursuant to a negotiated plea agreement, Baskin withdrew his previously tendered not guilty plea and entered a plea of guilty to the charge listed in the indictment. Sentencing was continued pending the completion of a pre-sentence investigation. Baskin's bond was amended to his own recognizance. The trial court specifically ordered and emphatically impressed upon Baskin at the change of plea hearing that he was "not to have any contact directly or indirectly with" the victim and further clarified that "as it relates to this bond, you are to stay completely away from her and make no contact." (Doc. No. 61 at 20, 21).

{¶5} On March 4, 2016, the State filed a motion to revoke Baskin's bond on the basis that law enforcement was called to victim's home, with the victim present, and Baskin was found hiding in the basement. Baskin had been charged with another violation of the protection order as a result of the incident. The trial court granted the State's motion and revoked Baskin's bond and a bench warrant was issued.

*Case Number CR20160074*

{¶6} Baskin filed a waiver of indictment in the second case involving a violation of the protection order pursuant to R.C. 2919.27(A)(1), (B)(3). The case proceeded upon a Bill of Information filed by the prosecutor.

Case No. 1-16-20

{¶7} On March 28, 2016, Baskin entered a plea of guilty to the charge and sentencing was continued pending the receipt of a pre-sentence investigation.

{¶8} On April 20, 2016, Baskin appeared for sentencing in both case numbers CR20150467 and CR20160074. The trial court sentenced Baskin to the maximum prison term of twelve months on the charge in each case, with the prison term in case number CR20150467 to run consecutive to the prison term imposed in case number CR20160074, for a total stated term of twenty-four months.

{¶9} Baskin now appeals, asserting the following assignment of error.[1]

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO PROPERLY FOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE, SECTION 2929.14 RESULTING IN THE DEFENDANT-APPELLANT RECEIVING A SENTENCE THAT IS CONTRARY TO LAW**.

{¶10} In his sole assignment of error, Baskin argues that the record does not support the trial court's imposition of maximum, consecutive sentences. Pursuant to the Supreme Court of Ohio's recent holding in *State v. Marcum*,—Ohio St.3d—, 2016-Ohio-1002, ¶ 7, this court will review a felony sentence using the standard set forth in R.C. 2953.08. Section 2953.08 of the Revised Code governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this court's standard of review as follows:

---

[1] The cases were consolidated for purposes of briefing and argument on appeal.

**(2)   The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**

**The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**

**(a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
**(b)   That the sentence is otherwise contrary to law.**

**{¶11}** The Supreme Court in *Marcum* also declared that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

**{¶12}** Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to

the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶13} Revised Code Chapter 2929 governs sentencing. Revised Code 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id.

{¶14} Meanwhile, R.C. 2929.11(B) states that felony sentences must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). Regarding the imposition of the maximum sentences, there is no statutory requirement for findings in order to impose such a sentence, and a trial court has the

discretion to impose a prison sentence within the statutory range. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.

{¶15} At the sentencing hearing, the trial court discussed several facts contained in the record which supported the sentence imposed in this case. The pre-sentence investigation report revealed that Baskin has an extensive history of committing physical violence against women with whom he maintained close relationships. Specifically, Baskin served ten years in prison for rape and was released in 2009. Since that time, Baskin was involved in several situations resulting in his convictions for domestic violence, assault, menacing, and violations of protection orders involving different victims as well as a history of arrests and/or convictions for other offenses which the trial court characterized as "endless." (Doc. Nos. 26, 50 at p. 23).

{¶16} The trial court also noted that Baskin had not responded well to sanctions. Trial court stated that "[t]he PSI has got 1,2,3,4,5, 5¼ pages of a history of nothing but terrible behavior while on supervision." (Doc. Nos. 26, 50 at p. 23). The trial court also highlighted the facts of the current cases under review and stated "[f]rankly, when you were committing this offense, this 2nd felony were [sic] here

on today three days within probably two days after you were in court pleading guilty on one of them, it's pretty obvious to me that you're not gonna listen to a probation officer when you don't listen to the court." (*Id*. at 23-24).

{¶17} On appeal, Baskin argues that the trial court's sentence is unsupported by the record because (1) the ORAS score of 17 assessed in these cases indicates that he is a moderate risk for reoffending, (2) there is a presumption against prison for fourth and fifth degree felonies, and (3) the victim's testimony at sentencing indicated that she "induced or facilitated the offense," the commission of his second offense after pleading guilty to the first offense, by calling him to her home to help her with a medical situation concerning her high-risk pregnancy. (Appt. Br. at 7)

{¶18} First, the trial court addressed the apparent discrepancy between the ORAS number of 17 indicating a moderate risk of reoffending, and Baskin's extensive record of unsuccessfully responding to sanctions.[2] The trial court noted that "the defendant has a minimum of five prior felonies, multiple domestic violence violations and there is no question that clearly the violation in case number CR20160074 occurred while the defendant was under a sanction awaiting sentencing in case number CR20150467 is a factor indicating future crime is likely." (Doc. Nos. 26, 50 at p. 26). The trial court specifically found the ORAS score of 31,

---

[2] ORAS is the Ohio Risk Assessment System, the tool selected by the Ohio Department of Rehabilitation and Correction to "assess an adult offender's risk of reoffending and to assess the offender's rehabilitative needs." Ohio Adm.Code 5120–13–01(A).

which indicates a high risk, assessed for Baskin in 2014 to be more accurate given his criminal history. Furthermore, at least one court has held that "ORAS is a work in progress, and is not a litmus test for sentencing." *State v. Jennings*, 2d Dist. Clark No.2013 CA 60, 2014-Ohio-2307, ¶ 28. Moreover, there are several factors a trial court is to consider when fashioning the appropriate felony sentence, the ORAS score is just one of these factors.

{¶19} Second, we note that R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence. However pursuant to R.C. 2929.13(B)(1)(b)(iii) the trial court has discretion to impose a prison term upon said offender if the offender violated a term of the conditions of bond as set by the court. In addition, R.C. 2929.13(B)(1)(b) directs the trial court to determine the applicability of a list of factors when sentencing an offender for a fourth or fifth degree felony that is not an offense of violence which includes (x) whether "[t]he offender at the time of the offense was serving, or the offender previously had served, a prison term," and (xi) whether "[t]he offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶20} The trial court found at the sentencing hearing that Baskin had already served a prison term, which was verified by the pre-sentencing investigation report.

The trial court also mentioned that Baskin committed one of the offenses for which he was being sentenced while he was on a personal recognizance bond, and that the offense constituted a violation of his bond conditions. Moreover, at the hearing on the Bill of Information for Case Number CR20160074, the trial court acknowledged that the sentencing statutes created a presumption against prison for fourth and fifth degree felonies of this kind, but informed Baskin that the presumption can be "overcome" in certain situations. (Doc. Nos. 24, 50 at 7-8).

{¶21} Finally, even though the victim in this case attempted to minimize the seriousness of Baskin's conduct in violating the protection order by stating that the first violation was simply Baskin attempting to give their daughter a birthday present, and then taking personal responsibility for the second violation by claiming she called him to the home because of a medical concern, it was within the trial court's discretion to assess her credibility as to those statements and assign weight to it accordingly.

{¶22} Moreover, on cross-examination, the victim admitted that she sought a protection order in late November 2015 due to Baskin committing physical violence against her, and she also admitted that the first violation of that protection order occurred within a couple weeks of the order being issued and happened at midnight when their daughter was asleep. Baskin also points to the victim's testimony in which she claimed that she tried to get the protection order lifted by

filing a motion with the Domestic Relations Court that issued the protection order, however, neither the motions nor the alleged orders denying her request were submitted at the hearing. The record also reflects that Baskin is the father of the victim's three young children, and at forty-four years of age is significantly older than the victim who was twenty years old at the time of the sentencing hearing.

**{¶23}** In light of the foregoing, we find no error in the trial court's imposition of maximum sentences in these cases and we are also not persuaded by Baskin's argument on appeal that the trial court failed to give due consideration to certain sentencing factors. Although not expressly articulated in the assignment of error, we also find that the trial court made the appropriate statutory findings to impose consecutive sentences pursuant to R.C. 2929.14(C)(4). Accordingly, we conclude that the Appellant failed to prove by clear and convincing evidence that the record does not support the trial court's sentence in these cases. Therefore, we do not find the sentences entered by the trial court contrary to law.

**{¶24}** For all these reasons, the assignment of error is overruled and the judgments are affirmed.

*Judgments Affirmed*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**